**The document below is hereby signed.**

**Dated: September 24, 2012.**



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | Case No. 07-00662 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| MARTHA A. AKERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10020 |
| BEAL BANK, _et. al_, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE BEAL BANK'S
MOTION TO DISMISS AMENDED COMPLAINT
AND TO ENJOIN ADDITIONAL FILINGS WITHOUT ADVANCE COURT APPROVAL

Before the court is Beal Bank's motion to dismiss the

amended complaint filed by Martha A. Akers and to enjoin Akers

from making additional filings against Beal Bank without advance

court approval.  The court will dismiss the adversary proceeding

and grant an appropriately tailored injunction.  Putting aside

the untimeliness of Akers' opposition to Beal Bank's motion, that

opposition only reinforces the propriety of this ruling.

I

The allegations in Akers' amended complaint's paragraphs 3 and 4 are essentially identical to paragraph 5 of her original complaint.  For the reasons stated in part III of the *Memorandum Decision* ruling on the motion to dismiss the original complaint, the amended complaint fails to state a claim upon which relief can be granted.  Once again, Akers has not objected that Beal Bank was paid, under the plan, more than it was entitled to.  Instead, she claims that the $31,586.74 amount of Beal Bank's proof of claim was excessive, without asserting that she did not even owe the $11,266.78 (plus $4,695.86 in interest) that was paid pursuant to the $31,586.74 claim.  Accordingly, her allegations regarding the proof of claim fail to show that the court could grant her any relief for purposes of addressing issues that come within this court's limited subject matter jurisdiction.  Once again Akers has failed to allege facts demonstrating that determining how much of the unpaid balance of Beal Bank's claim should be allowed would serve a purpose in Aker's bankruptcy case.  She can seek a determination in that regard only in a court of competent jurisdiction, if it is not foreclosed by the doctrine of *res judicata* as Beal Bank appears to contend.

II

In dismissing the other claims in the original complaint,

the court found that it lacked subject matter jurisdiction over

the claims.   Similar claims are asserted here: paragraphs 2, 5,

and 16-19 of the amended complaint allege that Beal Bank

misapplied payments and failed to pay real estate taxes timely.

As in the case of the prior complaint, the court lacks subject

matter jurisdiction over these claims for the reasons stated in

part II of the *Memorandum Decision* addressing the motion to

dismiss the original complaint.

III

The balance of the amended complaint makes conclusory

allegations of fraud and violation of statutes and the

Constitution, in addition to allegations of misconduct by the

bankruptcy judge.   Any claims thereby alleged plainly must be

dismissed for lack of subject matter jurisdiction or,

alternatively, for failure to state a claim upon which relief can

be granted.[1]

IV

For the reasons stated in Beal Bank's motion, it is

appropriate to issue an injunction against Akers' filing further

papers in this court against Beal Bank without leave of this

---

[1]   Although the District of Columbia has been named as a
defendant, the amended complaint, like the original complaint,
alleges no claim against the District of Columbia.

3

court.   Beal Bank's memorandum in support of its motion states

that "[b]ecause Ms. Akers has abused courts from several

jurisdictions, the Court should enjoy [sic] her from filing suit

against her creditors in any jurisdiction.  *See Dantzler v.*

*United States EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011)

(injunctions may reach beyond issuing court)."  I decline to

issue that broad an injunction.   Other creditors are not parties

to this adversary proceeding, and although Akers has filed many

unsuccessful actions, most have not been repeated filings against

a previous defendant.   Moreover, the other courts in which Akers

has sued Beal Bank will be able to issue injunctions if Akers

persists in filing frivolous papers against Beal Bank, and I

decline to engage in an intensive investigation of Akers' filings

in those courts, whose jurisdiction and powers are  not as

narrowly circumscribed as this court's under 28 U.S.C. §§ 157 and

1334(b), to ascertain whether injunctive relief against filing in

those courts is appropriate.

Beal Bank's proposed order would enjoin Akers from filing *in*

*forma pauperis*, but the fee under item 6 of the Bankruptcy Court

Miscellaneous Fee Schedule (28 U.S.C. § 1930) is not charged when

a debtor is the plaintiff.   Moreover, Beal Bank's memorandum in

support of its motion to dismiss failed to address the issue of

barring *in forma pauperis* filings.   In any event, if the court

grants any request by Akers for leave to file a paper, the court

can consider at that time the issue of allowing the filing to be

*in forma pauperis* (if that is an applicable issue).  Accordingly,

I will not issue an injunction barring Akers from filing *in forma*

*pauperis*.

V

Beal Bank's memorandum in support of its motion also seeks

its costs, citing "F. R. C. P. 11(b) and 28 USCS § 1927. ('Any

attorney or other person admitted to conduct cases in any court

of the United States or any Territory thereof who so multiplies

the proceedings in any case unreasonably and vexatiously may be

required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such

conduct.')."  The court will allow Beal Bank to recover its

taxable costs, but not attorney's fees.  The procedures of Fed.

R. Bankr. P. 9011 (the analog of Fed. R. Civ. P. 11) have not

been followed here (as no separate Rule 9011 motion was served on

Akers, and she was not given the protection of Rule 9011's 21-day

safe harbor).  Even if 28 U.S.C. § 1927 applies to a non-attorney

litigant (*compare Wages v. IRS*, 915 F.2d 1230, 1235–36 (9th Cir.

1990) (§ 1927 applies), *with Sassower v. Field*, 973 F.2d 75, 80

(2d Cir. 1992) (§ 1927 is inapplicable)), Beal Bank's request,

read narrowly, was only for costs.  When Beal Bank has not

clearly flagged its request as one for attorney's fees, I will

not proceed to address imposing fees under § 1927.

VI

A judgment follows.

[Signed and dated above.]

Copies to: All counsel of record.